IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Elgin Piner <br> 5231 Honeytree Loop E <br> Columbus, Ohio 43229 <br><br> Individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FreedomRoads, LLC <br> c/o CT Corporation System <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, Ohio 43219 <br><br> & <br><br> Sirpilla RV Centers, LLC <br> c/o CT Corporation System <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, Ohio 43219 <br><br> Defendants. | Case No. 2:17-cv-902 <br><br> JUDGE <br><br> MAGISTRATE JUDGE <br><br> **JURY DEMAND ENDORSED HEREON** |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Plaintiff Elgin Piner (collectively "Piner" "Named Plaintiff" or "Plaintiff") through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for his Complaint against Defendant FreedomRoads, LLC ("Defendant FreedomRoads") and Defendant Sirpilla RV Centers, LLC ("Defendant Sirpilla") (together hereinafter "Defendants") for their joint failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage

Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15; and Ohio's Recordkeeping laws, Ohio Rev. Code §§ 4111.08 and 4111.14(G) & (H) (the Ohio Wage Act, the OPPA, and Ohio's Recordkeeping laws will be referred to collectively as "the Ohio Acts"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted individually by the Named Plaintiff and all Ohio Opt-ins who join this case. The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue properly lies in this forum pursuant to 28 U.S.C. § 1391, because Defendants employed Named Plaintiff Piner and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and Defendants jointly conducted substantial business in this judicial district.

## II. THE PARTIES

4. Named Plaintiff Piner is an individual, United States citizen, and resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff was employed by Defendants as a service technician from approximately April 2015 until his termination on or about October 10, 2017 working at Camping

World of Columbus, 1305 N. London-Delaware Rd., London, Ohio 43140 ("Camping World Columbus").

6. During all times relevant, his primary job duties consisted of performing general labor on behalf of Defendants repairing RVs, responding to service calls, and performing miscellaneous labor for the general maintenance of RVs.

7. Named Plaintiff brings this action on behalf of himself and on behalf of those similarly situated, and have given his written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff's consents is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

8. Upon information and belief, Defendant FreedomRoads is a foreign limited liability company formed under the laws of Minnesota, but authorized to conduct business in Ohio with its principal place of business believed to be located at 250 Parkway Dr., Suite 270, Lincolnshire, IL 60069, which is the address listed on Plaintiff's payroll records. Upon information and belief, Defendant FreedomRoads, at all times relevant, conducted and is still doing business as Camping World RV Sales in this judicial district and the acts giving rise to this Complaint also arose in this judicial district.

9. Upon information and belief, Defendant FreedomRoads[1] operates as a multistore retail chain which performs retail selling, finance, and service of new and used recreational vehicles with multiple locations across the United States.

10. Defendant Sirpilla is a foreign limited liability company formed under the laws of Minnesota, but authorized to conduct business in Ohio with its principal place of business believed

---

[1] *See* https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=10946756. Last visited October 16, 2017.

to be located at 250 Parkway Dr., Suite 270, Lincolnshire, IL 60069. Upon information and belief, Defendant Sirpilla, at all times relevant, conducted and is still doing business as Camping World RV Sales in this judicial district and the acts giving rise to this Complaint also arose in this judicial district. Defendant Sirpilla can be served at its statutory agent address, which is 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

11. Defendants were and are jointly actively doing business in this judicial district during all times relevant. At all times relevant, Defendants have each jointly been an "employer" as that term is defined by the FLSA and the Ohio Acts.

12. During relevant times, Defendants maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

13. During relevant times, Defendants have mutually benefitted from the work performed by Named Plaintiff and those similarly situated.

14. During relevant times, Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and other similarly situated employees.

15. During relevant times, Defendants shared the services of Plaintiff and other similarly situated employees.

16. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Named Plaintiff and those similarly situated.

17. During relevant times, Defendants have been jointly involved in the operational decisions of each other.

18. During relevant times, Defendants have been jointly involved in the employment decisions of each other, including, but not limited to decisions about their wage and hour policies and practices that affect Plaintiff and all other similarly situated employees.

19. Upon information and belief, Defendants jointly operated/operate and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

20. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

### III. STATEMENT OF FACTS

21. Plaintiffs restates the preceding paragraphs as if fully realleged herein.

22. At all times relevant, Plaintiff was employed as a service technician from approximately April 2015 until October 10, 2017 at Camping World of Columbus.

23. At all times relevant, he was paid on an hourly basis in various amounts believed to begin in the approximate amount of $16 per hour, increase to $21.33 per hour, and further increase to $23.50 until the end of his employment.

24. At all times relevant, as a service technician, he primarily performed blue-collar job duties on behalf of Defendants primarily consisting of general labor repairing RVs, responding to service calls, and performing miscellaneous labor for the general maintenance of RVs.

25. Plaintiff neither primarily performed managerial duties nor supervised two or more employees. Plaintiff could not hire, fire, or discipline employees.

26. Plaintiff's primary job duties did not consist of the exercise of discretion and independent judgment with respect to matters of significance.

27. Thus, at all times relevant, Plaintiff was employed as a non-exempt hourly service technician entitled to overtime wages for all hours worked in excess of forty (40) in any workweek.

28. During the past three years preceding the filing of this Complaint, Plaintiff and other similarly situated service technicians regularly worked over (40) hours per week.

29. During all times relevant, Plaintiff and other similarly situated service technicians were not paid one and one-half times their regular rates of pay ("overtime rate") for all hours worked in excess of forty (40) resulting in unpaid overtime wages and other wages owed to Plaintiff for numerous unlawful reasons.

30. First, Defendants maintained a companywide policy or practice wherein they only paid Plaintiff and other similarly situated service technicians were paid only their regular hourly rate of pay and not their overtime rate for hours worked in excess of forty (40) in a workweek even though they were non-exempt employees entitled to overtime compensation.

31. Second, Defendants maintained a companywide policy or practice wherein they failed to fully pay Plaintiff and other similarly situated service technicians all amounts owed because they did not compensate their service technicians for all of the compensable hours worked, resulting in unpaid overtime wages.

32. Third, Defendants maintained a companywide policy or practice of requiring Plaintiff and other similarly situated service technicians to work "volunteer days" whereby Plaintiff and similarly situated service technicians perform substantial duties on behalf of

Defendants, but they were not compensated at their overtime rate even though the hours worked were in excess of forty (40) in any workweek.

33. During the three years preceding the filing of this action, Defendants applied the same pay practices and policies to all hourly, non-exempt service technicians, including Plaintiff.

34. During the previous three years preceding this Complaint, Named Plaintiff and other similarly situated service technicians were not paid for all of their compensable hours worked due to Defendants' FLSA-violating policies or practices.

35. Defendants knew or should have been aware that Plaintiff and other similarly situated service technicians worked in excess of forty (40) hours in a workweek, but willfully elected not to compensate them for all hours worked in excess of forty (40) during the three years preceding the filing of this Complaint.

36. Defendants' joint failure to pay Plaintiff and other similarly situated service technicians resulted in unpaid wages, including overtime wages, liquidated damages, costs, and attorneys' fees.

## IV. COLLECTIVE ACTION ALLEGATIONS

### A. 216(b) Collective Action for Unpaid Overtime and Other Wages.

37. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former hourly, non-exempt service technicians or equivalent positions primarily performing similar general labor job duties of Defendants working at Camping World of Columbus who worked over 40 hours in any workweek for the period beginning three years immediately preceding the filing of this Complaint (the "§216(b) Class" or the "§216(b) Class Members").

38. Examples of employees that may be members of the §216(b) Class include, but may not be limited to service technicians or equivalent positions primarily performing similar general labor job duties for Defendants.

39. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Named Plaintiff, numerous putative §216(b) Class Members have been denied proper overtime wages due to Defendants' company-wide payroll policies and practices. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of his interests as well as their own in bringing this action.

40. The identity of the putative §216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime and minimum wages, liquidated damages, attorneys' fees and costs under the FLSA.

41. The net effect of Defendants' policies and practices is that Defendants willfully failed to pay overtime wages and maintain proper recordkeeping to save payroll costs. Thus, Defendants enjoyed substantial ill-gained profits at the expense of the Named Plaintiff and the §216(b) Class Members.

### V. ALLEGATIONS PERTAINING TO PLAINTIFF AND THOSE SIMILARLY SITUATED

42. All of the preceding paragraphs are realleged as if fully rewritten herein.

43. During relevant times, Plaintiff and those similarly situated worked more than forty (40) hours per workweek, but were not compensated at a rate of at least one and one-half times

their regular rate of pay for all hours worked in excess of 40 because of, at a minimum, the four reasons described above.

44. During relevant times, Plaintiff and those similarly situated were not exempt from the overtime provisions of the FLSA and the Ohio Wage Act.

45. Plaintiff and those similarly situated have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein.

## VI. CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

46. All of the preceding paragraphs are realleged as if fully rewritten herein.

47. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the §216(b) Class.

48. During the three years preceding the filing of this Complaint, Defendants jointly employed the Named Plaintiff and the §216(b) Class Members.

49. Named Plaintiff and the §216(b) Class Members were paid on an hourly basis when working in non-exempt positions.

50. Named Plaintiff and the §216(b) Class Members worked in excess of 40 hours in a workweek.

51. The FLSA requires that covered employees be compensated for every hour worked in a workweek.  *See* 29 U.S.C. § 206(b).

52. The FLSA requires that non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

53. Plaintiff and the §216(b) Class Members were not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA.  *See* 29 C.F.R. §§ 541.1, *et seq*.

54. Plaintiff and the §216(b) Class Members were not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not a "learned professional" employee, as that term is defined under the FLSA.  *See* 29 CFR § 541.301.

55. Named Plaintiff and the § 216(b) Class Members routinely worked in excess of forty hours per week during the three years preceding the filing date of this lawsuit.

56. Named Plaintiff and the § 216(b) Class Members should have been paid the overtime premium for all hours worked in excess of forty hours per workweek.

57. Defendants violated the FLSA with respect to Named Plaintiff and the §216(b) Class Members by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates of pay for each hour worked over forty (40) hours in a workweek for the reasons set forth above.

58. Defendants knew or should have known that Named Plaintiff and the §216(b) Class Members regularly worked in excess of forty (40) hours per week.

59. Accordingly, Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the §216(b) Class Members are entitled.

60. Defendants knowingly, willfully and jointly failed to pay Named Plaintiff and the §216(b) Class Members the overtime wages they were due.

61. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff Named Plaintiff and the §216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

62. As a direct and proximate result of Defendants' conduct, Named Plaintiff Named Plaintiff and the §216(b) Class Members have suffered and continue to suffer damages in an amount not presently ascertainable. In addition, Named Plaintiff and the §216(b) Class Members seek liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendants' willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## COUNT II
### (UNPAID OVERTIME PURSUANT TO THE OHIO WAGE LAW)

63. All of the preceding paragraphs are realleged as if fully rewritten herein.

64. This claim is brought under Ohio Law.

65. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

66. The Named Plaintiff and those similarly situated to the Named Plaintiff from Ohio worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid one and one-half times their regular hourly rate for all hours worked over 40 in a workweek.

67. Defendants violated the Ohio Wage Act with respect to Named Plaintiff and those similarly situated to the Named Plaintiff from Ohio by, *inter alia*, failing to compensate them at

time-and-one-half times their regular rates of pay for each hour worked over forty (40) hours in a workweek for the reasons set forth above.

68. Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of Ohio Law.

69. Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendants acted willfully.

70. For Defendants' violations of R.C. §4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages; the Named Plaintiff and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
### (VIOLATION OF OHIO'S PROMPT PAY ACT)

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

72. During relevant times, Defendants were entities covered by the OPPA and the Named Plaintiff and those similarly situated Ohioans have been employed by Defendants within the meaning of the OPPA.

73. The OPPA requires Defendants to pay Named Plaintiff and those similarly situated Ohioans all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

74. During relevant times, Named Plaintiff and those similarly situated Ohioans were not paid all wages, including overtime wages at one and one-half times his regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

75. The Named Plaintiff's and those similarly situated Ohioans' unpaid wages remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

76. Named Plaintiff and those similarly situated Ohioans have been harmed and continue to be harmed by such unpaid wages.

77. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
### (RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT)

78. All of the preceding paragraphs are realleged as if fully rewritten herein.

79. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08 and Ohio Rev. Code §§4111.14(G) & (H). *See also*, 29 C.F.R. §§ 516.2 *et seq*.

80. During times material to this complaint, Defendants were covered employers, and jointly and severally required to comply with the Ohio Wage Act's mandates.

81. Named Plaintiff and similarly situated Ohioans were covered employees entitled to the protection of the Ohio Wage Act.

82. During times material to this complaint, Defendants jointly violated the Ohio Wage Act with respect to Named Plaintiff and the similarly situated Ohioans by failing to properly maintain accurate records of all hours Named Plaintiff and all similarly situated Ohioans worked each workday and within each workweek.

83. In violating the Ohio Wage Act, Defendants jointly acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the § 216(b) Class pray for an Order as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. A declaratory judgment that Defendants' recordkeeping policies and practices alleged herein violate the federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2, *et seq.*, and that Class Plaintiffs, the 216(b) Class Members are entitled to prove their hours worked with reasonable estimates;

D. Judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E. Judgment against Defendants for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff and all other similarly situated employees during the applicable statutory period;

F. Directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H. Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled; and

I. Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II**, **III**, and **IV** Named Plaintiff requests judgment against Defendants for violations of the Ohio Acts and for an Order:

J. Awarding to the Named Plaintiff and similarly situated Ohioans unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

K. Awarding Named Plaintiff and those similarly situated Ohioans costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

L. Awarding Named Plaintiff and those similarly situated Ohioans such other and further relief as the Court deems just and proper;

M. Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and those similarly situated Ohioans during the applicable statutory period;

N. A declaratory judgment that Defendants' recordkeeping policies and practices alleged herein violate the federal recordkeeping requirements pursuant to the Ohio Acts and that Named Plaintiff and similarly situated Ohioans are entitled to prove their hours worked with reasonable estimates;

O.  Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the Ohio Acts; and

P.  Such other and further relief as to this Court may deem necessary, just or proper.

Respectfully submitted,

/s/ *Matthew J.P. Coffman*_____
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1457 S. High St.
Columbus, Ohio 43207
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

/s/ *Daniel I. Bryant*_____
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Telephone: (614) 704-0546
Facsimile: (614) 573-9826
Email:  dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiff*

# JURY DEMAND

Plaintiff hereby demands a jury trial of eight (8) persons to hear all issues so triable.

/s/ *Matthew J.P. Coffman*_____
Matthew J.P. Coffman (0085586)