IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELGIN PINER AND JERRY DINGUS, INDIVIDUALLY AND ON BEHALF OF OTHER MEMBERS OF THE GENERAL PUBLIC SIMILARLY SITUATED,<br><br>    Plaintiffs,<br><br>v.<br><br>FREEDOMROADS, LLC, CAMPING WORLD, INC., AND SIRPILLA RV CENTERS, LLC,<br><br>    Defendants. | Case No. 2:17-cv-902-EAS-KAJ<br><br>Judge Edmund A. Sargus<br><br>Magistrate Judge Kimberly A. Jolson |

## ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants FreedomRoads, LLC ("FreedomRoads"), Camping World, Inc.[1] ("CWI"), and Sirpilla RV Centers, LLC ("Sirpilla") (collectively, "Defendants"), as and for their Answer and Affirmative and Additional Defenses to the First Amended Complaint of Plaintiffs Elgin Piner ("Piner") and Jerry Dingus ("Dingus") (collectively, "Plaintiffs") state and allege as follows:

Plaintiffs' introduction contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny that Plaintiffs are entitled to any relief whatsoever under the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act, ("OMFWSA"), the Ohio Prompt Pay Act ("OPPA") or Ohio's recordkeeping laws. Defendants further deny that Plaintiffs are entitled to pursue this matter as a collective action pursuant to 29

---

[1] CWI, Inc. is the proper legal name for this corporate entity.

U.S.C. § 216(b) or as a class action under Fed. R. Civ. P. 23. Defendants deny any and all remaining allegations in the introductory paragraph of the Complaint.

## I. JURISDICTION AND VENUE

1. Defendants admits that this Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331, denies any violations of the FLSA, and denies each and every remaining allegations in Paragraph 1 of the Complaint.

2. Defendants admit that Plaintiffs purport to assert this Court's jurisdiction over their claims under the OMFWSA, the OPPA and Ohio's recordkeeping laws and denies any and all remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit that Plaintiffs were or are employed by Defendant FreedomRoads in Ohio and that Defendants each conduct business in Ohio and deny each and every remaining allegation in Paragraph 3 of the Complaint.

## II. PARTIES

### A. Named Plaintiffs: Service Technicians Performing Work on Trailers

4. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 4 of the Complaint and, therefore, deny the same.

5. Defendants admit that Plaintiff Piner was employed by Defendant FreedomRoads as a service technician from on or about April 6, 2015, until on or about October 10, 2017, and that he was employed at Defendant FreedomRoads' location at 305 N London-Delaware Rd, London, Ohio 43140. Defendants deny each and every remaining allegation in Paragraph 5 of the Complaint.

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint and, therefore, deny the same.

8. Defendants admit that Plaintiff Dingus' employment with Defendant FreedomRoads as a service technician began on or around April 27, 2015, and that Dingus is employed at Defendant FreedomRoads' location at 305 N London-Delaware Rd, London, Ohio 43140. Defendants deny each and every remaining allegation in Paragraph 8 of the Complaint.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and similarly situated individuals and that they have filed written consents to join this action as party plaintiffs, deny that Plaintiffs are similar situated to each other or any other individuals, deny that Plaintiffs are entitled to any relief whatsoever under the FLSA, and deny each and every remaining allegation in Paragraph 10 of the Complaint.

**B.  Defendant Camping World, Inc.**

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

**C.  Defendant FreedomRoads, LLC**

14. Defendants admit the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants admit that Defendant FreedomRoads represents itself as America's largest RV Dealer Network and that a list of the dealer locations operated by its subsidiaries can be found at www.campingworld.com. Defendants deny that Defendant CWI's website is described accurately in Footnote 5 of the Complaint and further assert that the contents of that

website speak for themselves. Defendants further deny any and all remaining allegations in Paragraph 19 in the Complaint.

**D.    Defendant Sirpilla**

20.    Defendants admit the allegations in Paragraph 20 of the Complaint.

21.    Defendants admit that Defendant Sirpilla is a subsidiary of Defendant FreedomRoads and does business under the assumed name Camping World RV Sales and deny each and every remaining allegation in Paragraph 21 of the Complaint.

22.    Defendants admit that Defendant Sirpilla does business under the assumed name Camping World RV Sales in Ohio and deny each and every remaining allegation in Paragraph 22 of the Complaint.

23.    Defendants admit that Defendants have engaged in business activity in this judicial district, and deny each and every remaining allegation in Paragraph 23 of the Complaint.

24.    Defendants deny the allegations in Paragraph 24 of the Complaint.

25.    Defendants admit that Defendant FreedomRoads employs Plaintiff Dingus and employed Plaintiff Piner, and deny each and every remaining allegation in Paragraph 25 of the Complaint.

26.    Defendants deny the allegations in Paragraph 26 of the Complaint.

27.    Defendants deny the allegations in Paragraph 27 of the Complaint.

28.    Defendants deny the allegations in Paragraph 28 of the Complaint.

29.    Defendants deny the allegations in Paragraph 29 of the Complaint.

30.    Defendants deny the allegations in Paragraph 30 of the Complaint.

31.    Defendants admit that Defendant FreedomRoads employs Plaintiff Dingus and employed Plaintiff Piner, and deny each and every remaining allegation in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants admit that, to the extent applicable, they are subject to federal and state wage and hour laws, and deny each and every remaining allegation in Paragraph 34 of the Complaint.

## III. STATEMENT OF FACTS

### A. Named Plaintiffs

35. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 35 of the Complaint and, therefore, deny the same.

36. Defendants admit that Plaintiff Piner was employed by Defendant FreedomRoads as a service technician from on or about April 6, 2015, until on or about October 10, 2017, and that he performed work at a dealership operated by Defendant FreedomRoads' subsidiary, Sirpilla, located in London, Ohio. Defendants deny each and every remaining allegation in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 38 of the Complaint and, therefore, deny the same.

39. Defendants admit that Plaintiff Dingus' employment with Defendant FreedomRoads as a service technician began on or around April 27, 2015, and that Dingus performs work at a dealership operated by Defendant FreedomRoads' subsidiary, Sirpilla, located in London, Ohio. Defendants deny each and every remaining allegation in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants admit the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants admit the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

**B.    Defendants' Violations of the FLSA**

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

**IV.    COLLECTIVE ACTION ALLEGATIONS**

**A.    216(b) Collective Actions for Unpaid Overtime and Other Wages**

58. Defendants deny that Plaintiffs are similarly situated to the group of individuals described in Paragraph 58 of the Complaint and deny each and every remaining allegation in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants admit that its employees are identifiable through their respective payroll records and deny each and every remaining the allegation in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

**B.      Fed. R. Civ. P. 23 Class Action for Unpaid Overtime Wages**

63. Defendants deny that the group of individuals described in Paragraph 63 is appropriate for Rule 23 certification and deny each and every remaining allegation in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

## V. CAUSES OF ACTION

### COUNT I

### (FLSA – Collective Action for Unpaid Overtime)

79. Defendants restate their responses to the allegations contained in Paragraphs 1 through 78 of the Complaint as if fully set forth herein.

80. Defendants deny that Plaintiffs meet the requirements to represent a collective pursuant to Section 216(b) of the FLSA and deny each and every remaining allegation in Paragraph 80 of the Complaint.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants admit that Defendant FreedomRoads employed Plaintiff Piner as a service technician and employs Plaintiff Dingus as a service technician and deny each and every remaining allegation in Paragraph 82 of the Complaint.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny that the allegations in Paragraph 85 of the Complaint accurately state the law.

86. Paragraph 86 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny that the allegations in Paragraph 86 of the Complaint accurately state the law.

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

89. Defendants deny the allegations in Paragraph 89 of the Complaint.

90. Defendants deny the allegations in Paragraph 90 of the Complaint.

91. Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

94. Defendants deny the allegations in Paragraph 94 of the Complaint.

95. Defendants deny the allegations in Paragraph 95 of the Complaint.

96. Defendants deny the allegations in Paragraph 96 of the Complaint.

97. Defendants deny the allegations in Paragraph 97 of the Complaint.

## COUNT II

### (Unpaid Overtime Pursuant to the Ohio Wage Law)

98. Defendants restate their responses to the allegations contained in Paragraphs 1 through 97 of the Complaint as if fully set forth herein.

99. Defendants admit that Plaintiffs purport to bring this claim under Ohio law.

100. Paragraph 100 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny that the allegations in Paragraph 100 of the Complaint accurately state the law.

101. Defendants deny the allegations in Paragraph 101 of the Complaint.

102. Defendants deny the allegations in Paragraph 102 of the Complaint.

103. Defendants deny the allegations in Paragraph 103 of the Complaint.

104. Defendants deny the allegations in Paragraph 104 of the Complaint.

105. Defendants deny the allegations in Paragraph 105 of the Complaint.

## COUNT III

### (Violation of Ohio's Prompt Pay Act)

106. Defendants restate their responses to the allegations contained in Paragraphs 1 through 105 of the Complaint as if fully set forth herein.

107. Defendants deny the allegations in Paragraph 107 of the Complaint.

108. Paragraph 108 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny that the allegations in Paragraph 108 of the Complaint accurately state the law.

109. Defendants deny the allegations in Paragraph 109 of the Complaint.

110. Defendants deny the allegations in Paragraph 110 of the Complaint.

111. Defendants deny the allegations in Paragraph 111 of the Complaint.

112. Defendants deny the allegations in Paragraph 112 of the Complaint.

## COUNT IV

### (Recordkeeping Violations of the Ohio Wage Act)

113. Defendants restate their responses to the allegations contained in Paragraphs 1 through 112 of the Complaint as if fully set forth herein.

114. Paragraph 114 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny that the allegations in Paragraph 114 of the Complaint accurately state the law.

115. Defendants deny the allegations in Paragraph 115 of the Complaint.

116. Defendants deny the allegations in Paragraph 116 of the Complaint.

117. Defendants deny the allegations in Paragraph 117 of the Complaint.

118. Defendants deny the allegations in Paragraph 118 of the Complaint.

119. Unless otherwise and expressly admitted or otherwise qualified in this Answer, Defendants deny each and every allegation contained in Plaintiff's Complaint.

## PRAYER FOR RELIEF

120. Plaintiffs' PRAYER FOR RELIEF and WHEREFORE provision, and each of its subparts, contain allegations to which a response is not required, but to the extent that a response

may be required, Defendants deny that Plaintiffs are entitled to any relief whatsoever, and further denies that they have committed any unlawful or wrongful act with respect to Plaintiffs.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims should be dismissed because Plaintiffs both signed enforceable and binding agreements with Defendant FreedomRoads waiving any right to pursue the claims brought in this lawsuit on a collective or classwide basis and further requiring them to pursue the claims asserted in this lawsuit through binding arbitration.

3. The Court lacks jurisdiction over the claims asserted by Plaintiffs and "other person similarly situated" to the extent they have entered into binding agreements with Defendants to arbitrate such claims.

4. Plaintiffs' claims against Defendants CWI and Defendant Sirpilla should be dismissed because Plaintiffs were not employed by either of these Defendants and, therefore, Plaintiffs lack standing to assert the claims in this lawsuit against these Defendants.

5. Plaintiffs' claims are barred to the extent they seek recovery for a time period that predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a) or established by Ohio law.

6. Plaintiffs' claims are barred in whole or in part by the provisions of, 29 U.S.C. § 259 because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

4. Plaintiffs' claims are barred in whole or in part by the provisions of 29 U.S.C. § 260 because any acts or omissions giving rise to this action were done in good faith and with

11

reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or Ohio law.

7. Plaintiffs' Complaint fails to state facts sufficient to state a claim that would support entry of a declaratory judgment against Defendants.

8. Plaintiffs' request for injunctive relief fails to state a claim and should be dismissed because there is no risk of irreparable injury or harm. Plaintiffs have an adequate remedy at law.

9. Plaintiffs' Complaint and each cause of action thereof fail to state valid claims for attorneys' fees.

10. Plaintiffs' claims are barred in whole or in part because they were not entitled to overtime under the FLSA and Ohio law pursuant to 29 U.S.C. 207(i).

11. Plaintiffs' claims are barred in whole or in part because they were exempt from the overtime requirements under the FLSA and Ohio law pursuant to 29 U.S.C. 213(b)(10).

12. Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254 and Ohio law as to all hours during which Plaintiffs' were engaged in activities which were preliminary or postliminary to their principal activities.

13. Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curet lex*.

14. There are no employees of Defendant who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b), nor can Plaintiffs satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and thus, this action cannot be maintained as a collective or class action.

15. To the extent that discovery reveals that Plaintiffs and "other persons similarly situated" falsely reported their hours and there is no evidence that Defendant required the false reporting of hours, no evidence that Defendant encouraged them to falsely report hours, and no evidence that Defendant knew or should have known that they were providing false information as to their hours, their claims are barred by the equitable doctrines of estoppels, waiver, and/or unclean hands. *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

16. Plaintiffs and any allegedly similarly situated employees have been paid and/or received all wages due to them.

17. Pending the conclusion of further discovery and investigation, Defendants respectfully reserve the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

**WHEREFORE**, Defendants respectfully request the Court grant the following relief:

1. Judgment be entered dismissing Plaintiffs' Complaint on the merits and with prejudice;

2. Awarding Defendants their attorneys' fees, costs, and disbursements, as appropriate; and

3. Directing such other relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Michael T. Short*

Michael T. Short (0069409)
LITTLER MENDELSON, P.C.
21 East State Street
16th Floor
Columbus, OH  43215
Telephone: 614.463.4201
Facsimile: 614.221.3301

Attorneys for Defendants
FREEDOMROADS, LLC, CAMPING
WORLD, INC., AND SIRPILLA RV
CENTERS, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2018, a copy of the foregoing *Answer and Affirmative and Additional Defenses to Plaintiffs' First Amended Complaint* was filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the electronic filing system.

*/s/ Michael T. Short*
Michael T. Short

Firmwide:152463095.1 064774.1138