IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Piner, *et al*, | * | |
| On behalf of themselves and other members of the general public similarly situated, | * * | Case No. 2:17-cv-902 |
| | | Chief Judge Edmund A. Sargus, Jr. |
| Plaintiff, | * | |
| | | Magistrate Judge Kimberly A. Jolson |
| v. | * | |
| FreedomRoads, LLC, *et al*, | * | |
| Defendants. | * | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY**

**I.      INTRODUCTION**

Defendants have asked this Court to stay further proceedings in this matter pending the outcome of the United States Supreme Court's review of a consolidated appeal[1] concerning the enforceability of class and collective action waivers in arbitration agreements (hereinafter, "*Epic Systems*"). Specifically, Defendants argue that the pending decision in *Epic Systems* may have a direct impact on this case and determine whether Plaintiffs can proceed with their class and collective action in this Court or whether they must arbitrate their claims on an individual basis.

Contrary to Defendants' assertion, however, *Epic Systems* will have no effect on this case. First, the Arbitration Agreements at issue in this case allow parties to demonstrate to a court whether they should proceed as a class or collective action, which is entirely different than

---

[1] *Murphy Oil, U.S.A. v. NLRB*, 808 F.3d 1013 (5th Cir. 2015), *cert. granted* (U.S. Jan. 13, 2017) (No. 16-307); *Lewis v. Epic Sys. Corp.*, 823 F.3d 1147 (7th Cir. 2016), *cert granted* (U.S. Jan. 13, 2017) (No. 16-285); *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *cert granted* (U.S. Jan. 13, 2017) (No. 16-300) (hereinafter collectively referred to as "*Epic Systems*").

1

the class and collective action waiver provisions in *Epic Systems*. Second, the Putative Class Members would be severely prejudiced by a stay because under the FLSA, the statute of limitations continues to run until a plaintiff opts in by filing a notice of written consent with the court. Importantly, because a plaintiff's consent does not relate back to the original filing date of the complaint, waiting to certify the collective and give notice of this action means that the Putative Class Members' claims could expire. Although Defendants make a number of arguments to justify a stay, none of these arguments overcome the fact that notice under § 216(b) is to be issued early in the life of a collective action so that potential opt-in plaintiffs are made aware of the action and have the opportunity to opt-in as soon as possible.[2]

Alternatively, if the Court determines that a stay in this case is warranted, the Court should either grant Plaintiffs' Motion for Conditional Certification[3] and allow notice be issued so that the Putative Class Members can opt-in to this lawsuit so that their rights are not unduly prejudiced, or the Court should equitably toll the statute of limitations for those who will be denied notice and opportunity to opt in during this time.

## II. STATEMENT OF THE CASE

On October 17, 2017, Plaintiff Piner filed this collective action lawsuit to recover unpaid overtime wages owed to current or former employees of Defendants as a result of Defendants' violation of the FLSA.[4] Due to the addition of another Named Plaintiff and new factual allegations, Plaintiffs filed a First Amended Complaint on January 18, 2018.[5] On January 29, 2018, the parties stipulated that Defendants would file an Answer and/or otherwise respond to

---

[2] *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989) (discussing importance of early notice in collective actions in order to "ascertain[] the counters of the action at the outset").
[3] Doc. No. 10
[4] Doc. No. 1
[5] Doc. No. 2

2

the Complaint no later than February 15, 2018.[6] On February 15, 2018, Defendants filed an Answer to Plaintiffs' First Amended Complaint. (Doc. No. 7). That same day, Defendants filed a Motion to Stay these proceedings in anticipation of the Supreme Court's pending decision in *Epic Systems*.[7]

As is custom and proper in FLSA collective actions, Plaintiffs promptly filed their Motion for Conditional Certification on February 19, 2018, seeking authorization from the Court to send notice to a proposed class defined as "[a]ll of Defendants' current and former service technicians, RV service technicians or equivalent positions who worked over 40 hours in any workweek for the period beginning three years immediately preceding the filing of the First Amended Complaint."[8]

Defendants employed Plaintiff Piner as a RV service technician from approximately April 2015 through October 2017.[9] As a condition of his employment with Defendants, Plaintiff Piner signed an Arbitration Agreement on April 9, 2015.[10] Defendants also employed Plaintiff Dingus as an RV service technician from approximately May 2015 through the present.[11] On May 4, 2015, Plaintiff Dingus signed an Arbitration Agreement with Defendants.[12]

The Defendants' Arbitration Agreement requires Plaintiffs to submit all claims or disputes to arbitration, including "claims for wages or other compensation due." With respect to class claims or claims of multiple associates, the Arbitration Agreement states in relevant part:

> Associate's waiver of his/her right to trial by jury and his/her agreement to submit all disputes . . . to final and binding arbitration is done voluntarily and knowingly. Associate fully understands that this Agreement precludes Associate from seeking redress in

---

[6] Doc. No. 3
[7] Doc. No. 8
[8] Doc. No. 10, PAGEID #97
[9] Doc. No. 2, PAGEID #22 at ¶5
[10] **Exhibit 1**, Piner's Arbitration Agreement (*redacted*)
[11] Doc. No. 2, PAGEID #22 at ¶8
[12] **Exhibit 2,** Dingus' Arbitration Agreement (*redacted*)

> court for a dispute with or against the Company. **Class action claims and/or claims of multiple associates may be heard together only by written agreement of both the Company and the complaining associate(s) unless the party or parties seeking to have class or multiple claims heard together can demonstrate to a court or arbitrator that class or multi-party claims are the only effective way to halt and redress the alleged violations about which the party or parties complain.**[13]

As discussed below, the fact that the Arbitration Agreement carves out an exception and permits the parties to proceed as a class or collective action renders this case entirely different than *Epic Systems* and related cases. Accordingly, the outcome of the Supreme Court's decision will have no effect on this case; therefore, Defendants' Motion to Stay should be denied.

### III. ARGUMENT

**A. The Sixth Circuit has held that waivers of the right to adjudicate employment-related claims on a collective or class basis are unenforceable.**

In *NLRB v Alternative Entertainment Inc.*, the Sixth Circuit determined that class and collective action waivers in employment agreements are void as a matter of law because they obstruct workers' Section 7 rights to engage in "concerted activities for the purpose of collective bargaining or *other mutual aid or protection*." *NLRB v Alternative Entertainment Inc.*, 858 F.3d 393, 402 (6th Cir. 2017) (citing 29 U.S.C. § 157). The court held that the right to engage in concerted activity necessarily encompasses the "resort to administrative and judicial forums." *Id.* citing *Eastex Inc. v. NLRB*, 437 U.S. 556, 565-66 (1978); *NLRB v. City Dispoal Sys., Inc.*, 465 U.S. 822, 835 (1984) ("[In] enacting § 7 of the NLRA, Congress sought generally to equalize the bargaining power of the employee with that of his employer by allowing employees to band together. . . There is no indication that Congress intended to limit this protection to situations in

---
[13] **Exhibit 1** at ¶4; **Exhibit 2** at ¶4

which . . . fellow employees combine with one another in any particular way.")(*additional internal citations omitted*).[14]

In addition to recognizing the NLRA's clear prohibition of class and collective action waivers, this Circuit has also affirmed that a plaintiff cannot waive his or her rights to collective action relief under the FLSA. Courts have held that provisions purporting to waive a plaintiff's statutory right to engage in collective action litigation pursuant to Section 216(b) of the FLSA are unenforceable. *See, e.g., Killion v. KeHE Distribs. LLC*, 761 F.3d 574, 590-91 (6th Cir. 2014) *(*a "plaintiff's right to participate in a collective action [under the FLSA] cannot normally be waived.").

**B. The Defendants' Arbitration Agreement does not prohibit parties from bringing class or collective action claims.**

Notwithstanding the above, unlike the arbitration provisions at issue in *Epic Systems*, the Defendants' Arbitration Agreement does not operate as a complete waiver of the right to proceed as a class or collective action. Section 4 of the Arbitration Agreement states that class action claims may be heard together only by written agreement between Defendants and the complaining parties **<u>unless</u>** the "parties seeking to have class claims can demonstrate to a court or arbitrator that class or multi-party claims are the only effective way to halt and redress the alleged violations."[15] The language of the Agreement thus sets forth two ways in which parties

---

[14] In reaching the same conclusion in *Lewis v. Epic Systems Corp.*, 833 F.3d 1147, 1158 (7th Cir. 2016), the Seventh Circuit noted the scope of the NLRA'S protection of collective activity, explaining that "[t]he protection for collective action found in the NLRA, moreover, extends far beyond collective litigation or arbitration' it is a general principle that affect countless aspects of the employer/employee relationship." *See also Totten v. Kellogg Brown & Root, LLC*, 2016 WL 316019, at *10 (C.D. Cal. Jan. 22, 2016) ("In addition to its finding that class action waivers run afoul of Section 7 rights, the NLRB also found that the Norris-LaGuardia Act of 1932, 29 U.S.C. § 101 *et seq.*, protects employees' concerted litigation activity against contractually-based restraints, because an employee-related class, collective, or joint action falls within the definition of a 'labor dispute.'" (quoting *D.R. Horton,* NLRB No. 184, 2012 WL 36274, at *7 (Jan. 3, 2012)).

[15] **Exhibit 1** at ¶4; **Exhibit 2** at ¶4

could bring class claims: (1) by a written agreement between the parties; or (2) by demonstrating to a court that class claims are the only effective way to redress the alleged violations.

Thus, because the Arbitration Agreement provides a way for the parties to bring collective actions under the FLSA in court, granting a stay pending the Supreme Court's decision in *Epic Systems* is "putting the cart before the horse." By the very terms of the Arbitration Agreement, the first question to be determined is whether the Plaintiffs' Motion for Conditional Certification[16] is "the only effective way to halt and redress the alleged" FLSA violations that the Plaintiffs complain. If the Court answers that the collective proceeding pursuant to 29 U.S.C. § 216(b) is the "only effective way to halt and redress" Plaintiffs' issues in their complaint, then this matter must be permitted to proceed in Court. Therefore, the Court needs to address this preliminary issue before it considers issuing a stay on the entirety of the proceedings.

C. **The language in Defendants' Arbitration Agreement evidences an implied intention to exclude FLSA actions from the mandatory arbitration provisions.**

Defendants' Arbitration Agreement impliedly authorizes multiparty litigation for FLSA collective actions and class actions related to the nonpayment of wages. Specifically, Defendants carved out an exception that permits class and multiparty litigation where it is the "only effective way to halt and redress the alleged violations about which the party or parties complain." The inclusion of the preceding language implies the intent not to require FLSA claims' adjudication in arbitration given the FLSA's underlying fundamental "remedial and humanitarian" purpose.

The FLSA was passed by Congress "with broad remedial intent" in order to address "unfair methods of competition in commerce" and the related "conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *See Gaffers v. Kelly Servs., Inc.*, No. 16-10128, 2016 WL 4445428, at *6

---

[16] Doc. No. 10.

(E.D. Mich. Aug. 24, 2016) citing *Monroe v. FRS USA, LLC,* 815 F.3d 1000, 1008 (6th Cir. 2016). Because the provisions of the FLSA are remedial in purpose, they "must not be interpreted or applied in a narrow, grudging manner". *See Gaffers, supra* at *6. The FLSA expressly authorizes actions to be filed against an employer to recover unpaid overtime "by any one or more employees for and in behalf of himself or themselves *and others employees similarly situated.*" 29 U.S.C. § 216(B) (emphasis supplied). The Sixth Circuit acknowledged that employees' FLSA rights warrant stricter protection than those under Title VII and other civil right laws because employers who violate the FLSA or who have their employees forfeit those rights gain an economic advantage over FLSA compliant employers. *See Gaffers, supra* at *6 citing *Boaz v. FedEx Customer Info. Servs., Inc.*, 725 F.3d 603, 606 (6th Cir. 2013).

In *Hoffman-La Roche, Inc. v. Sperling*, the United States Supreme Court established that judicial notice to potential class members in FLSA collective actions is proper in "appropriate cases." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 165 (1989). The Court construed 29 U.S.C. § 216(b) to empower the Court to supervise notice to those potential similarly situated employees about a pending collective action. *Id.* at 170. Commenting favorably upon collective actions, the Supreme Court noted:

> A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity. These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.

*Id.*

As set forth the FLSA provides for the collective action mechanism for the very reason that Defendants' Arbitration Agreement provides as a basis for permitting Defendants'

7

employees to bring their claims as multiparty, class claims in Court rather than arbitration – the broad remedial purpose of the FLSA collective action is the only effective way to halt and redress Defendants' alleged violations. Consequently, the Court should deny Defendants' Motion to Stay based upon Defendants' own language.

**D. Notice should be issued immediately to prevent prejudice to the Putative Class Members.**

The lack of a class-wide tolling of the statute of limitations in FLSA cases should cause the Court to favor providing notice to other similarly situated persons of their "opt in" rights at the earliest stage of the litigation. When a plaintiff brings a motion for conditional certification, "[t]ime is of the essence because 'the commencement of a collective action under § 216(b) does not toll the statute of limitations period for plaintiffs who have failed to opt-in.'" *Lewis, et al. v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011), (quoting *Musarra et al., Digital Dish, Inc*., 2008 WL 818692, at *2 (S.D. Ohio 2008). Failing to provide such prompt notice frustrates the FLSA's broad remedial purposes and its specific grant of collective action rights to employees. *See Fisher v. Michigan Bell Telephone Co.*, 665 F.Supp.2d 819, 828-29 (E.D. Mich. 2009).

Here, further delaying the issuance of notice will also make it harder to locate the Putative Class Members, as their last known contact information will likely become stale over time. As each day goes by, the amount of damages potentially owed to Putative Class Members will keep reducing, and may diminish entirely if these individuals are unable to be located. For example, the court in *Holmes v. Kelly Servs. USA, LLC*, 2017 WL 1077987 (E.D. Mich. Mar. 22, 2017), noted that the requested stay could result in severe prejudice to the plaintiff and putative class members, stating, "the stay Defendants request could last for months, if not longer, substantially increasing the likelihood that potential members of the collective could become

unreachable or that relevant documents could be destroyed . . . Thus, because any stay the Court enters would be lengthy, the potential for prejudice would be exacerbated." [emphasis added].

Nevertheless, even if the Court decides to stay this case, the Court should allow notice to be issued while the stay is imposed on all other aspects of the case, giving Putative Class Members the opportunity to opt-in to the lawsuit so that their rights are not unduly prejudiced. Other courts, including courts in this Circuit, have taken this approach under circumstances nearly identical to the instant case. *Id.* (conditional certification should be addressed "before tackling merits issues of which members of a class or collective may be barred from participation in an action due to an agreement to arbitrate."); *see also Gaffers v. Kelly Servs., Inc.,* 2017 WL 1944193 (E.D. Mich. Oct. 13, 2016) (lifting a stay of proceedings after grant of certiorari in *Lewis v. Epic Systems* to permit processing of additional opt-in notices); *Griffith et al. v. Menard, Inc.* No. 2:18-cv-81 Doc. No. 28 (S.D. Ohio February 23, 2018) (permitting putative class members to join the lawsuit without reference to the stay, stating that "[t]he Court is further persuaded, however, that the stay need not prevent opt-in plaintiffs from joining this suit."). Accordingly, granting a stay in this case without issuing notice would allow Defendants to benefit by making it more unlikely putative collective members will be able to be located while also reducing the potential damages available to putative collective members and permitting the continuation of FLSA-violating policies. Defendants' requested stay would therefore frustrate the FLSA's intent to protect workers.

**E. Failure to grant a stay will not harm the Defendants.**

In support of Defendants' Motion, Defendants claim that a failure to grant a stay will result in harm to the Defendants. However, there is no reason to think that Defendants will expend significant resources opposing a motion for conditional certification or engaging in

burdensome discovery related to Plaintiffs' claims at this stage. *See Brown v. Citicorp Credit Servs., Inc.,* 2013 WL 1760267, at *4–5 (D. Idaho Apr. 24, 2013) ("The point here is that the FLSA conditional certification process is not expensive because it requires no discovery; the issue is resolved on affidavits"); see also *Lewis v. Nevada Prop. 1, LLC,* 2013 WL 237098, at *14 (D. Nev. Jan. 22, 2013) ("Although the sending of notice is burdensome, the burden, falls primarily on the Plaintiff and her counsel who will bear the expense of sending notice"). Courts do not partake in an evaluation of the merits or the applicability of defenses at the conditional certification stage. *See Swigart v. Fifth Third Bank,* 276 F.R.D. 210, 214 (S.D. Ohio 2011) ("At the notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues.") (citing *Burdine v. Covidien, Inc.,* 2011 WL 2976929, at *2-4 (E.D. Tenn. June 22, 2011); *Seger v. BRG Realty, LLC*, 2011 WL 2020722, at *3 (S.D. Ohio May 24, 2011).

Regardless of the outcome in *Epic Systems*, Plaintiffs would continue with their Motion for Conditional Certification because arbitration defenses are irrelevant at the conditional certification stage. Indeed, the question of whether the arbitration agreements render certain potential plaintiffs too dissimilar to remain part of a collective class is more appropriately resolved later on in the case. *See, e.g., Holmes v. Kelly Servs. USA, LLC*, 2017 WL 1077987 at *10 (E.D. Mich. Mar. 22, 2017 (noting that "the sensible course is to decide whether to certify the class without considering the possibility of arbitration and then decide who must arbitrate").

**F. Equitable Tolling**

In the event, however, that the Court determines that a stay is appropriate, at the very least the Court should find that the Putative Class Members are subject to equitable tolling. The doctrine of equitable tolling permits a court to exercise its discretion to extend a plaintiff's statute

of limitations when it would be inequitable to enforce the statute of limitations.[17] The doctrine applies to cases brought under the FLSA because the doctrine of equitable tolling is "read into every federal statute of limitations." *Holmberg v. Ambrecht*, 327 U.S. 392, 397 (1946). Courts have noted that tolling is especially warranted where plaintiffs have "diligently pursued" their rights by filing a motion for conditional certification as soon as practicable, as Plaintiffs did here when they filed their Motion for Conditional Certification on February 19, 2018. *See Lorenzo v. Prime Commc'ns, L.P.*, 2014 WL 3366073, at *2-3 (E.D.N.C. July 9, 2014) ("[i]n the interests of justice, courts have allowed equitable tolling of FLSA claims where conditional certification and notice to the prospective plaintiffs has been delayed due to the procedural posture of the case.").

The same reasoning applies here. The Putative Class Members will be denied notice and will not be unable to assert their rights until this Court rules on Plaintiffs' Motion for Conditional Certification. If the Court determines a stay is warranted, it should equitably toll the statute of limitations for those who will be denied notice and opportunity to opt in during this time.

## IV.     CONCLUSION

For the reasons mentioned above, the Court should deny Defendants' Motion to Stay. In the alternative, and at the very least, the Court should allow notice to be issued to Putative Class Members or find that the Putative Class Members' claims are subject to equitable tolling during the pendency of the stay.

---

[17] "Courts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions under 29 U.S.C. § 216(b)." *Abadeer v. Tyson Foods, Inc.,* 2010 WL 5158873 at *3 (M.D. Tenn. Dec. 14, 2010); *Bade-Winterwood v. Life Time Fitness*, 484 F. Supp.2d 822, 826-29 (S.D. Ohio 2007); *Israel Antonio-Morales v. Bimbo's Best Produce, Inc.,* 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009) (citing *Partlow v. Jewish Orphans Home of S. Cal., Inc.,* 645 F.2d 757, 760–61 (9th Cir.1981); *Roussell v. Brinker Int'l,* No. H–05–3733 (S.D.Tex. Nov. 4, 2008); *Johnson v. Big Lots Stores, Inc.,* No. 04–3201 (E.D.La. July 24, 2008); *Faison v. Texas EZPawn, L.P.,* 2007 WL 1481047, at *1 (S.D.Tex. May 21, 2007); *Smith v. Heartland Automotive Servs., Inc.,* 404 F.Supp.2d 1144, 1155 n.9 (D.Minn.2005); *Owens v. Bethlehem Mines Corp.,* 630 F.Supp. 309, 312–13 (S.D.W.Va.1986)).

Dated: February 28, 2018                    Respectfully submitted,

/s/Robert E. DeRose
Robert E. DeRose (0055214)
Molly K. Tefend (0093574)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 East Broad Street, 10th Floor
Columbus, OH 43215
Phone : 614-221-4221
Fax : 614-744-2300
Email: bderose@barkanmeizlish.com
mtefend@barkanmeizlish.com

/s/ Matthew J.P. Coffman
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

/s/ Daniel I. Bryant
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-704-0546
Fax: 614-573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiffs and those similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2018, a true and accurate copy of the forgoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Robert E. DeRose
Robert E. DeRose (0055214)