UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELGIN PINER, *et al.*,

    Plaintiffs,

v.

FREEDOMROADS, LLC,
*et al.*,

    Defendants.

Case No. 2:17-cv-902
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## ORDER

This matter is before the Court on Defendants' Motion to Stay pending the Supreme Court's decision in the consolidated appeal *Morris*[1] (ECF No. 8), Plaintiffs' Memorandum in Opposition (ECF No. 11), and Defendants' Reply in Support. (ECF No.16.)

### I.

Plaintiff Piner began his employment with Defendant Freedom Roads in April 2015. He signed an Arbitration Agreement on April 9, 2015. (Allen Decl. ¶ 5.) Plaintiff Dingus began his employment with FreedomRoads in May 2015 and signed an identical Arbitration Agreement on or about May 4, 2015. (Allen Decl. ¶ 6.)

The Arbitration Agreements contain the following language, which Defendant asserts constitutes a mandatory arbitration provision with a class and collective action waiver:

---

[1] *Murphy Oil, U.S.A. v. NLRB*, 808 F.3d 1013 (5th Cir. 2015), *cert. granted* (U.S. Jan. 13, 2017) (No. 16-307); *Lewis v. Epic Sys. Corp.*, 823 F.3d 1147 (7th Cir. 2016), *cert granted* (U.S. Jan. 13, 2017) (No. 16-285); *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *cert granted* (U.S. Jan. 13, 2017) (No. 16-300) (consolidated appeal collectively referred to as "*Morris*").

1. Associate and the Company mutually agree that any and all claims or disputes described in paragraph 2 that Associate may have now or in the future with or against the Company, any parent or subsidiary of, or any entity affiliated with the Company…may be heard by a mediator mutually selected by the Company and the Associate; and that if mediation of a dispute by Associate or the Company is unsuccessful, the claim or dispute shall be submitted to arbitration and heard and decided by a neutral arbitrator . . . .

2. The disputes and claims covered by this Agreement include all claims or controversies, whether or not arising out of employment or termination of employment, that would constitute a cause of action in a court, including but not limited to claims for wages or other compensation due . . . and claims for violation of any federal, state, local or other governmental law, statute, regulation, or ordinance . . . .

3. The arbitrator's decision shall be final and binding on Associate and the Company. Associate and the Company acknowledge that arbitration is a substitute for traditional litigation and hereby waive their respective rights to file a private lawsuit and have that suit heard in court by a judge or a jury.

4. Associate's waiver of his/her right to trial by jury and his/her agreement to submit all disputes . . . to final and binding arbitration is done voluntarily and knowingly. Associate fully understands that this Agreement precludes Associate from seeking redress in court for a dispute with or against the Company. Class action claims and/or claims of multiple associates may be heard together only by written agreement of both the Company and the complaining associate(s) unless the party or parties seeking to have class or multi-party claims are the only effective way to halt and redress the alleged violations about which the party or parties complain.

(Pls.' Exhibit 1 ¶ 4; Exhibit 2 ¶ 4.)

## II.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court has explained, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55

2

(1936). This power extends to stay a matter "pending resolution of independent proceedings which bear upon the case at hand." *Deluca v. Blue Cross Blue Shield of Mich.*, Case No. 06-cv-12552, 2007 U.S. Dist. LEXIS 15967 at *3 (E.D. Mich. March 7, 2007) (citing *Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)).

The party seeking a stay bears the burden "to demonstrate a clear hardship or inequity if the present action moves forward, to address the injury done to the opposing party, and to evaluate the public interest, including the judiciary's interest in efficiency, economy and fairness." *Hill v. Mitchell*, 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998); *see also Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (parenthetical).

### III.

Defendants seek to stay this action pending resolution by the United States Supreme Court of *Morris*. The Court heard oral argument in the case on October 2, 2017. Defendants assert the forthcoming opinion is expected to resolve a current split among the federal circuit courts regarding the enforceability of arbitration agreements containing class and collective action waivers. As it stands, the Second, Fifth, and Eight Circuits enforce collective and class action waivers within mandatory arbitration agreements signed by employees. *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344, 362 (5th Cir. 2013); *Murphy Oil USA, Inc. v. NLRB*, 808 F.3d 1013, 1018 (5th Cir. 2015); *Sutherland v. Ernst & Young*, 726 F.3d 290, 299 (2d Cir. 2013); *Patterson v. Raymours Furniture Co.*, 659 F. App'x 40, 43 (2d Cir. 2016); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1055 (8th Cir. 2013); *Cellular Sales of Missouri, LCC v. NLRB*, 824 F.3d 772, 776 (8th Cir. 2016). The Sixth, Seventh, and Ninth circuits, on the other hand, find that mandatory arbitration agreements containing class and collective action waivers are in violation of the

3

NLRA and thus unenforceable under the FAA. *Morris v. Ernst & Young, LLP*, 834 F.3d 975, 990 (9th Cir. 2016); *NLRB v. Alt. Entm't, Inc.*, 858 F.3d 393, 408 (6th Cir. 2017).

Plaintiffs object to a stay, asserting that even if the Court finds in favor of enforcing collective and class action waivers contained in arbitration agreements, the decision is not applicable in the instant matter because the mandatory waivers at-issue carve out an exception that permits the parties to proceed as a class or collective action when plaintiffs ". . . can demonstrate to a court or arbitrator that class or multi-party claims are the only effective way to halt and redress the alleged violations about which the party or parties complain." (Exhibit 1 ¶ 4; Exhibit 2 ¶ 4.) Plaintiffs alternatively requests that this Court either grant the Motion for Conditional Certification and allow notice to be issued or equitably toll the statute of limitations for those who will be denied notice and opportunity to opt-in during the time the case is stayed. (Mem. in Opp. at 2, ECF No. 11.) Defendants agree to equitably toll this case. (Reply in Support at 1, ECF No. 16.)

The *Morris* decision will likely affect the validity of the collective and class action waivers Plaintiffs each signed. Ultimately, if the Supreme Court finds the waivers enforceable, this Court or the arbitrator will need to determine whether Plaintiffs demonstrate that the only effective way to redress their claims is to proceed in a collective or class action. Although, as a result, the *Morris* decision will not necessarily dispose of Plaintiffs' multi-party claims, it will substantially change the arguments and analysis based on the current precedent within the Sixth Circuit. *See Alt. Entm't, Inc.*, 858 F.3d at 408. Accordingly, in the interest of judicial economy and because Plaintiffs will be protected from harm by tolling the statute of limitations, this case will be stayed pending resolution of *Morris*. The Court further tolls the statute of limitations for potential opt-in plaintiffs.

4

Thus, Defendants' Motion to Stay is **GRANTED** pending resolution of *Morris*. The parties are **DIRECTED** to contact the Court when the decision in *Morris* has been issued.

**IT IS SO ORDERED.**

4-23-2018
**DATED**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**