**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Elgin Piner and Jerry Dingus,** Individually and on behalf of other members of the general public similarly situated, | : : : : : | |
| Plaintiffs, | : : | Case No. 2:17-cv-902-EAS-KAJ |
| v. | : : | Judge Edmund A. Sargus |
| **FreedomRoads, LLC, Camping World, Inc., and Sirpilla RV Centers, LLC,** | : : : : | Magistrate Judge Kimberly A. Jolson |
| Defendants. | : | |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION**

**I.     INTRODUCTION**

Defendants FreedomRoads, LLC ("FreedomRoads"), Camping World, Inc. ("Camping World"), and Sirpilla RV Centers, LLC ("Sirpilla") (collectively, "Defendants") respectfully submit this supplemental memorandum of law in response to Plaintiffs' Elgin Piner ("Piner") and Jerry Dingus ("Dingus") (collectively, "Plaintiffs") Motion for Conditional Class Certification. Because the arbitration agreements signed by Plaintiffs are mandatory and enforceable, and because Plaintiffs cannot meet the very narrow exception of demonstrating that class or multi-party claims are the *only effective way* to halt and redress their alleged violations, the Motion for Conditional Class Certification should be denied and this matter should be dismissed to allow for proceedings in single-party arbitration.

**II.    PROCEDURAL POSTURE**

Plaintiff Piner filed a Collective Action Complaint on October 17, 2017. (Dkt. No. 1.) Subsequently, on January 18, 2018, Plaintiffs Piner and Dingus filed their First Amended

Collective and Class Action Complaint ("Complaint").  (Dkt. No. 2.)  On February 15, 2018, Defendants filed their Answer and Affirmative and Additional Defenses.  (Dkt. No. 7.)  That same day, Defendants filed a Motion to Stay the proceedings pending the U.S. Supreme Court's decision in *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018).  (Dkt. No. 8.)

On February 19, 2018, Plaintiffs filed the pending Motion for Conditional Class Certification and, on March 9, 2018, Defendants filed their opposition thereto.  (Dkt. Nos. 10, 14.)  Thereafter, on April 23, 2018, the Court granted Defendants' Motion to Stay pending the outcome of *Epic Systems*.  Subsequently, the U.S. Supreme Court issued its decision in *Epic Systems* on May 21, 2018, holding that the Federal Arbitration Act ("FAA") mandates enforcement of arbitration agreements as written, including those requiring individualized proceedings in lieu of a class or collective action.  *Epic Sys. Corp.*, 138 S. Ct. 1612, 1619 (2018).

On May 25, 2018, following the *Epic Systems* decision, Plaintiffs filed a Motion to Enforce the Arbitration Agreement.  (Dkt. No. 22.)  Then on June 14, 2018, the parties filed a joint stipulation agreeing that the matter should be dismissed and proceed to arbitration after this Court determines whether single-party or multi-party arbitration is mandated pursuant to Plaintiffs' current motion.  (Dkt. No. 27.)  Specifically, the question presented to the Court was/is whether Plaintiffs can avoid the broad ban on collective actions contained in their arbitration agreements by proving the narrow exception that "class or multi-party claims are the only effective way to halt and redress the[ir] alleged violations. . . ." (*Id.*)  Finally, on June 18, 2018, the Court granted the parties' joint motion and sought additional briefing on the narrow issue presented.  (Dkt. No. 28.)

### III. STATEMENT OF RELEVANT FACTS

Plaintiff Piner began his employment with Defendant FreedomRoads in April 2015 and signed an Arbitration Agreement on April 9, 2015.  (Dkt. No. 8-1, Ex. 1.)  Plaintiff Dingus began

his employment with Defendant FreedomRoads in May 2015 and signed an identical Arbitration Agreement on May 4, 2015. (Dkt. No. 8-1, Ex. 2.)

The Arbitration Agreements executed by Plaintiffs each contain the following mandatory arbitration provisions, including a class and collective action waiver:

> 1. Associate and the Company mutually agree that any and all claims or disputes described in paragraph 2 that Associate may have now or in the future with or against the Company, any parent or subsidiary of, or any entity affiliated with the Company…may be heard by a mediator mutually selected by the Company and the Associate; and that if mediation of a dispute by Associate or the Company is unsuccessful, the claim or dispute shall be submitted to arbitration and heard and decided by a neutral arbitrator . . . .
>
> 2. The disputes and claims covered by this Agreement include all claims or controversies, whether or not arising out of employment or termination of employment, that would constitute a cause of action in a court, including but not limited to claims for wages or other compensation due . . . and claims for violation of any federal, state, local or other governmental law, statute, regulation, or ordinance . . . .
>
> 3. The arbitrator's decision shall be final and binding on Associate and the Company. Associate and the Company acknowledge that arbitration is a substitute for traditional litigation and hereby waive their respective rights to file a private lawsuit and have that suit heard in court by a judge or a jury.
>
> 4. Associate's waiver of his/her right to trial by jury and his/her agreement to submit all disputes . . . to final and binding arbitration is done voluntarily and knowingly. Associate fully understands that this Agreement precludes Associate from seeking redress in court for a dispute with or against the Company. Class action claims and/or claims of multiple associates may be heard together only by written agreement of both the Company and the complaining associate(s) unless the party or parties seeking to have class or multiple claims heard together can demonstrate to a court or arbitrator that class or multi-party claims are the only effective way to halt and redress the alleged violations about which the party or parties complain.

(*Id.*)

Based upon this language, it is indisputable that Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") and related state laws are subject to mandatory arbitration. Indeed, Plaintiffs have conceded as much. (*See* Dkt. Nos. 22, 27.) Additionally, as outlined below, it is

clear that Plaintiffs cannot meet their burden of demonstrating that they fall within the Arbitration Agreements' narrow exception to the otherwise total ban on collective actions. Specifically, Plaintiffs cannot and have not demonstrated that class or multi-party claims are the *only effective way* to halt and redress their alleged violations. As such, Plaintiffs' Motion for Conditional Certification should be denied and this matter should be dismissed so that the parties may proceed in single-party arbitrations.

## IV. ARGUMENT

### A. The Arbitration Agreements Are Mandatory And Enforceable As Written.

In *Epic Sys. Corp. v. Lewis*, the U.S. Supreme Court resolved a Circuit split and held that the FAA requires courts to enforce arbitration agreements as written, including those containing class and collective action waivers. 138 S. Ct. at 1619. In doing so, the Court stated that such agreements are "valid, irrevocable, and enforceable." *Id.* at 1621. The Court also reemphasized the policy benefits of arbitration, including "quicker, more informal, and often cheaper resolutions for everyone involved." *Id.* Finally, regarding class and collective action proceedings, the Court reaffirmed that to require such proceedings in an arbitration setting would be a "fundamental change to the traditional arbitration process [that] would sacrifice the principal advantage of arbitration—its informality—and make the process slower, more costly, and more likely to general procedural morass than final judgment." *Id.* at 1623 (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 347-347 (2011)).

In light of *Epic Systems*, there can be no doubt that the Arbitration Agreements executed by Plaintiffs, including the class and collective action waivers, are mandatory and enforceable as written. As such, the matter must proceed to arbitration as even Plaintiffs have now conceded. (*See* Dkt. Nos. 22, 27.) Moreover, the *Epic Systems* decision provides a fundamental argument against Plaintiffs' request to proceed collectively in arbitration—doing so would undermine the

4

benefits of arbitration and would make the process slower, more costly, and more complicated for all involved.

  **B. Plaintiffs Have Not Demonstrated That Collective Action Is The *Only Effective Way* To Address Their Claims.**

  Although Plaintiffs now concede that this matter must proceed in arbitration, they continue to seek class and collective action status pursuant to a narrow exception contained in the Arbitration Agreements. Specifically, the Arbitration Agreements prohibit any collective proceedings and require single-party arbitration unless "the party or parties seeking to have class or multiple claims heard together can demonstrate . . . that class or multi-party claims are the *only effective way* to halt and redress the alleged violations . . . ." (Dkt. No. 8-1., Exs. 1-2, emphasis added.)

  Plaintiffs' pleadings and briefing to date have failed to offer *any* substantive argument regarding why class or multi-party claims are the *only effective way* to halt or redress their alleged violations. Rather, Plaintiffs merely outline the remedial purposes of the FLSA and then proclaim, in conclusory fashion, that a collective action is necessary. (Dkt. No. 11, pgs.7-8.) Although Plaintiffs may make the case that a collective action is a viable option for redressing their claims, they fall far short of their burden of proving that it is the *only effective* option.

  To begin, Plaintiffs' emphasis on the narrow construction and remedial purpose of the FLSA is misguided. Indeed, in *Encino Motorcars, LLC v. Naravrro*, the U.S. Supreme Court recently held that "there is no reason to give [the FLSA] anything other than a fair (rather than narrow) interpretation . . . the narrow-construction principle relies on the flawed premise that the FLSA pursues its remedial purpose at all costs." 138 S. Ct. 1134, 1142 (2018) (citations omitted). As such, the Court has "no license to give the [FLSA] anything but a fair reading," which in this instance results in the conclusion that a collective action is not the *only effective*

*way* for Plaintiffs to redress their FLSA claims. *Id.*

In fact, a fair reading of the plain language of the FLSA demonstrates that a collective action is not the *only effective* means of redressing an alleged harm, rather a party may proceed by either individual or collective action: "An action to recover the liability prescribed…*may be maintained against any employer by any one or more employees for and in behalf of himself or themselves and other employees similarly situated*. 29 U.S.C. § 626(b) (emphasis added). Indeed, as recognized in *Killion v. KEHE Distributors*, the FLSA merely "*permits* a collective action, but it does not *require* one." 885 F. Supp. 2d 874, 882 (N.D. Ohio 2012) (emphasis in original); *see also Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 234 (2013) ("[C]ongressional approval of Rule 23 [does not] establish an entitlement to class proceedings for the vindication of statutory rights."); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991) ("[T]he fact that the ADEA[1] provides for the possibility of bringing a collective action does not mean that individual attempts at conciliation were intended to be barred.").

In *Killion*, the court upheld a collective action waiver finding that, other than "bare assertions," plaintiffs had made no showing that requiring individual actions would impede enforcement of their FLSA rights. 885 F. Supp. 2d at 882. In particular, plaintiffs had failed to demonstrate any financial burden associated with individual pursuit of their claims and, without such a showing, the purpose and underlying policy of the FLSA was not nullified. *Id.* Likewise, in *Italian Colors*, the Supreme Court held that single-party arbitration was appropriate "so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum[.]" 570 U.S. at 235.

Here, Plaintiffs have not established that single-party arbitration will cause them any

---

[1] The ADEA expressly adopts the collective action procedures of the FLSA found in Section 216(b). *See* 29 U.S.C. § 626(b); *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

undue burden or prevent them from effectively vindicating their rights.  Plaintiffs cannot argue that the costs of arbitration are a deterrent in this matter because the Arbitration Agreements specifically provide that Defendants will pay for all arbitration costs aside from a nominal fifty dollar initiation fee.  Moreover, if Plaintiffs prevail on their FLSA claims in individual, single-party arbitrations, they are entitled to recover their attorney fees and costs just the same as if they were proceeding collectively.  *See* 29. U.S.C. § 216(b).

Finally, as outlined by the Court in *Epic Systems,* granting Plaintiff's motion to proceed collectively in arbitration will only serve to thwart the fundamental purpose of arbitration. Specifically, rather than allowing plaintiffs to effectively vindicate their rights, collective proceedings "would sacrifice the principal advantage of arbitration—its informality—and make the process slower, more costly, and more likely to general procedural morass than final judgment."  138 S. Ct. at 1623 (citation omitted).

## V.  CONCLUSION

Because the Arbitration Agreements signed by Plaintiffs are mandatory and enforceable, and because Plaintiffs cannot meet the very narrow exception of demonstrating that class or multi-party claims are the *only effective way* to halt and redress the alleged violations, the Motion for Conditional Class Certification should be denied and this matter should be dismissed to allow for proceedings in single-party arbitration.

Date:  June 29, 2018                                         Respectfully submitted,


*/s/ Michael T. Short*
Michael T. Short (0069409)
LITTLER MENDELSON, P.C.
21 East State Street
16th Floor
Columbus, OH  43215
Telephone: 614.463.4201
Facsimile: 614.221.3301

Andrew J. Voss (admitted *pro hac vice*)
John H. Lassetter (admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
80 South 8th Street, Suite 1300
Minneapolis, MN  55402
Telephone: 612.630.1000

Attorneys for Defendants
FREEDOMROADS, LLC, CAMPING
WORLD, INC., AND SIRPILLA RV
CENTERS, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2018, foregoing *Defendants' Supplemental Memorandum in Response to Plaintiff's Motion for Conditional Class Certification* was filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the electronic filing system.

*/s/ Michael T. Short*
Michael T. Short

Firmwide:155382993.1 064774.1138