ELGIN PINER, *et al.*,

    Plaintiffs,

v.

FREEDOMROADS, LLC,
*et al.*,

    Defendants.

Case No. 2:17-cv-902
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

At this juncture, the parties agree that the Court must determine whether Plaintiffs' meet an exception to the parties' arbitration agreement, allowing Plaintiffs' to proceed in arbitration as a collective action. The Court reviews Plaintiffs' Motion for Conditional Certification (ECF No. 10), Defendants' Memorandum in Opposition (ECF No. 14), Plaintiffs' Reply in Support (ECF No. 17), as well as supplemental briefing submitted by both parties. (ECF Nos. 22, 30, 31.)

Plaintiffs, Elgin Piner ("Piner") and Jerry Dingus ("Dingus" collectively, "Plaintiffs"), allege that they were jointly employed by Defendants as RV service technicians. Plaintiffs further assert that they and other similarly situated service technicians worked in excess of forty hours in a workweek but were not compensated properly or even for all hours worked.

Both Plaintiffs executed arbitration agreements containing the following mandatory arbitration provisions in relevant part:

> 1. Associate and the Company mutually agree that any and all claims or disputes described in paragraph 2 that Associate may have now or in the future with or against the Company, any parent or subsidiary of, or any entity affiliated with the Company…may be heard by a mediator mutually selected by the Company and the

Associate; and that if mediation of a dispute by Associate or the Company is unsuccessful, the claim or dispute shall be submitted to arbitration and heard and decided by a neutral arbitrator . . . .

2. The disputes and claims covered by this Agreement include all claims or controversies, whether or not arising out of employment or termination of employment, that would constitute a cause of action in a court, including but not limited to claims for wages or other compensation due . . . and claims for violation of any federal, state, local or other governmental law, statute, regulation, or ordinance . . . .

3. The arbitrator's decision shall be final and binding on Associate and the Company. Associate and the Company acknowledge that arbitration is a substitute for traditional litigation and hereby waive their respective rights to file a private lawsuit and have that suit heard in court by a judge or a jury.

4. Associate's waiver of his/her right to trial by jury and his/her agreement to submit all disputes . . . to final and binding arbitration is done voluntarily and knowingly. Associate fully understands that this Agreement precludes Associate from seeking redress in court for a dispute with or against the Company. Class action claims and/or claims of multiple associates may be heard together only by written agreement of both the Company and the complaining associate(s) unless the party or parties seeking to have class or multiple claims heard together can demonstrate to a court or arbitrator that class or multi-party claims are the only effective way to halt and redress the alleged violations about which the party or parties complain. Plaintiff Elgin Piner filed a Collective Action Complaint on October 17, 2017.

(Exhibit 1, ECF No. 8-1); (Exhibit 2, ECF No. 8-1.)

The arbitration agreement provides that outside of the employee's limited share of the filing fee, the company is responsible for its share of the filing fee, the case management fee, the arbitrator's compensation and expenses, and the hearing room rental fees. (ECF No. 31-1.)

On January 18, 2018, Plaintiffs Piner and Dingus filed their First Amended Collective and Class Action Complaint. (ECF No. 2.) On February 15, 2018, Defendants filed their Answer (ECF No. 7) and a Motion to Stay the proceedings pending the United States Supreme Court's decision in *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018), which ultimately found class and collective action waivers within arbitration agreements enforceable. (ECF No. 8.)

2

Thereafter, the parties briefed motions regarding conditional class certification (ECF Nos. 10, 14, 17, 22, 30, 31) and the Court stayed the proceeding pending *Epic Systems*. (ECF No. 21.)

"Because arbitration agreements are fundamentally contracts," courts review the agreement according to the applicable state law of contract formation. *Seawright v. Am. Gen. Fin., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943–44 (1995)). The parties do not dispute that they are bound by the arbitration agreement and, thus, will ultimately resolve this case via arbitration. Nor do the parties dispute that the arbitration agreement prohibits multiparty claims. Rather, the parties dispute whether Plaintiffs have met their burden in establishing that an explicit exception within the arbitration agreement, circumventing the requirement that plaintiffs proceed on an individualized basis, applies here. The parties focus in on the language of the agreement which provides,

> Class action claims and/or claims of multiple associates may be heard together only by written agreement of both the Company and the complaining associate(s) unless the party or parties seeking to have class or multiple claims heard together can demonstrate to a court or arbitrator that class or multi-party claims are the only effective way to halt and redress the alleged violations about which the party or parties complain.

(Exhibit 1, ECF No. 8-1); (Exhibit 2, ECF No. 8-1.)

Plaintiffs assert that proceeding to arbitration as a collective action is the only way to effectively address the collective claims of putative class members. (Pls.' Suppl. Mot. at 3, ECF No. 31.) Under Plaintiff's argument, individual suits for FLSA claims would never provide effective redress to the alleged violations. Plaintiffs, however, do not demonstrate how the putative class members will be prevented from pursuing their own individual arbitration. Plaintiffs have, thus, made no showing that individual actions will impede enforcement of the FLSA. Indeed, in *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018), the United States Supreme Court addressed the question whether plaintiffs can be allowed to agree that any

3

disputes between them will be resolved individual arbitration, finding for enforcement of the collective action waivers. *Id.* at 1627 ("... we have made clear that even a statute's express provision for collective legal actions does not necessarily mean that it precludes 'individual attempts at conciliation' through arbitration.") (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991)). Thus, the Court is precluded from finding that individual arbitration can never provide effective redress for employees alleging FLSA violations.

Importantly, in the instant action, Plaintiffs do not demonstrate a great financial burden in an individual pursuit of their claims. *Killion v. KeHE Distribs.*, 885 F.Supp. 2d 874, 882 (N.D. Ohio 2012) (finding collective action waivers in arbitration agreements enforceable reasoning, "[a]dditionally, Plaintiffs have done nothing to demonstrate financial burden in an individual pursuit of their claims and, aside from bare assertions, made no showing individual actions will impede enforcement of the FLSA.") Here, Plaintiffs concede that Defendants bear the burden of the arbitration expenses. (*See* Pls.' Supp. Mot. at 3 ("... it would be exponentially more expensive for Defendants to deal with individual arbitrations that resolving the collective claims on a class-wide basis.").)

If Plaintiffs faced bearing a great financial burden in pursuing their individual claims, multi-party arbitration could be the only effective option for the parties. Here, however, Defendants bear the cost burden and Plaintiffs have not shown other enhanced burden in arbitrating individually. Accordingly, the Court agrees with Defendants that Plaintiffs are bound by the arbitration agreement to arbitrate their claims on an individual basis.

**IT IS SO ORDERED.**

8-15-2018
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

4